**FILED** $120

MAY 29 2019

Tom Powers, Clerk
By _____
Deputy Clerk

Andrew J. Miller
Paul W. Adam
ODEGAARD MILLER LAW, PLLC
1601 Lewis Avenue, Suite 101
Billings, MT 59102
Tel: (406) 259-2222
Fax: (406) 259-3232
   *Attorneys for Plaintiff Paul Erftenbeck*

## MONTANA SECOND JUDICIAL DISTRICT COURT, BUTTE-SILVER BOW COUNTY

| | |
|---|---|
| PAUL ERFTENBECK, )<br><br>Plaintiff, )<br><br>vs. )<br><br>WILDER RESORTS, INC., d.b.a. )<br>FAIRMONT HOT SPRINGS RESORT, and )<br>JOHN DOES 1-10, inclusive, )<br><br>Defendants. )<br> ) | Cause No. DV-19-140<br><br>District Judge:  KURT KRUEGER<br>Judge, Dept. 1<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Paul Erftenbeck, by and through his counsel of record, hereby states, alleges and avers as follow:

### JURISDICTION AND VENUE

1.     At all times relevant herein, Plaintiff was a resident of Middletown, Butler and Warren Counties, Ohio.

2.     Defendant, Wilder Resorts, Inc., doing business as Fairmont Hot Springs Resort ("Fairmont"), is a Montana business corporation located at 1500 Fairmont Road, Butte, Montana, and is authorized to do business, and doing business,

1   in the State of Montana at all times relevant herein.

2   3.      Fairmont's primary business is that of a hotel, resort and spa.

3   4.      The true names and capacities of Defendants named herein as John

4   Does 1-4, inclusive, are unknown to Mr. Erftenbeck, who therefore brings these claims

5   against these Defendants by fictitious names. Mr. Erftenbeck may seek to amend this

6   Complaint to state the true names and capacities of John Does 1-4 when the same have

7   been determined, together for further appropriate charging allegations.

8

9   5.      Mr. Erftenbeck is informed and believes and therefore alleges that each

10  of the fictitiously named Defendants may be responsible in some manner for the

11  occurrences and harms alleged herein and that his damages as alleged herein may

12  have been proximately caused by the Defendants' acts or omissions, whether

13  independently or while acting in concert with the Defendants.

14

15  6.      Defendants John Does 1-4, inclusive, are natural persons, supervisors,

16  agents, contractors, or other legal entities who may have caused or contributed to Mr.

17  Erftenbeck's injuries as alleged herein, while acting in the course and scope of their

18  employment and/or agency with the Defendants, or acting independently. As such,

19  each lawful act or omission and each violation is imputable to Yellowstone County.

20  7.      The accident at issue occurred in Butte, Silver Bow County, Montana.

21  8.      Venue in this Court is proper.

22

23  9.      Jurisdiction over these Defendants is proper.

**GENERAL ALLEGATIONS**

24

25  10.     On January 29, 2019, Mr. Erftenbeck was a guest at Fairmont and had

been staying in Fairmont's hotel.

11. Upon information and belief, Fairmont has three separate swimming pools, consisting of large, rectangular-shaped heated pools inside and outside, and a smaller, hexagon-shaped hot tub attached to the north side of the outdoor pool.

12. Upon information and belief, signage advises guests to walk only on the heated walking path around the perimeter of the outdoor warm pool and hot tub. The walking path is sectioned off by wooden, in-ground posts that are connected by plastic chains.

13. On the morning of January 29, at approximately 9:25 a.m., Mr. Erftenbeck exited the building housing the indoor pool and followed the designated walking path along western-most side of the outdoor warm pool to access the hot tub on the north side of the outdoor pool.

14. Upon information and belief, it had snowed the night before, and the designated walking path was not clear of snow, ice, or other debris, rendering it slippery and unsafe.

15. As he was nearing the western corner of the hot tub and adhering and following Fairmont's partitioned walking path, he stepped on a patch of concrete that appeared wet, but was actually frozen. In doing so, his feet came out from under him and he landed hard on his lower right leg and right shoulder. He was forced to stay on the ground in his swimming trunks and sweatshirt until medical personnel arrived.

16. As a result of the fall, Mr. Erftenbeck was subsequently transported via ambulance to St. James' Hospital in Butte, Montana, where it was determined he had

sustained a closed displaced spiral tibia-fibula fracture, necessitating open reduction and internal fixation ("ORIF") surgery the following day. Mr. Erftenbeck was later diagnosed with an incomplete right rotator cuff tear.

17. As a result of Mr. Erftenbeck's fall on Fairmont's premises, he has suffered, and will continue to suffer, severe pain and disability, mental anguish, loss of enjoyment of life, loss of consortium, medical expenses, and lost wages.

## COUNT I – NEGLIGENCE

18. Mr. Erftenbeck restates and re-alleges all previous allegations as fully set forth herein.

19. Fairmont had a duty of care to monitor, maintain, and keep the designated walking area surrounding its pools reasonably safe.

20. Fairmont breached its duty of care when it failed to monitor and maintain the roped-off, heated walking path in an unreasonably safe condition, allowing ice to accumulate in an unsafe manner that was not open or obvious to Mr. Erftenbeck, thus causing him serious physical, emotional, and financial injury.

21. The injuries and damages Mr. Erftenbeck sustained were caused by Fairmont's failure to use reasonable care in monitoring, maintaining, and keeping the designated walking area surrounding its pools reasonably safe.

22. By virtue of Fairmont's acts of negligence, it is legally responsible to Mr. Erftenbeck for all resulting damages.

## COUNT II – NEGLIGENCE *PER SE*

23. Mr. Erftenbeck restates and re-alleges the previous allegations as though

fully set forth herein.

24.    Fairmont is negligent *per se* for failing to operate its pool in a sanitary and safe manner in violation of Mont. Code Ann. § 50-53-106(1).

25.    Fairmont's violation of the above-named and additional unnamed statutes constitutes negligence *per se.*

26.    As a direct and proximate result Fairmont's negligence *per se*, Mr. Erftenbeck sustained serious and severe injuries and damages as set forth in this Complaint.

## JURY TRIAL DEMAND

Mr. Erftenbeck demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Mr. Erftebeck prays for judgment in his favor granting the following relief:

1.    For reasonable compensation for past and future medical and related expenses;

2.    For reasonable compensation for Mr. Erftenbeck's lost earnings and loss of future earning capacity;

3.    For reasonable compensation for Mr. Erftenbeck's physical and mental pain and suffering;

4.    For Mr. Erftenbeck's costs of suit and attorneys' fees incurred herein; and

5.    For other and future relief as the Court deems just and proper.

//

1    DATED this 24th day of May, 2019.

2                                          ODEGAARD MILLER LAW, PLLC
                                           Attorneys for Plaintiffs
3

4                                          By _____

5                                              Andrew J. Miller
                                               Paul W. Adam
6                                              1601 Lewis Ave., Suite. 101
                                               Billings, MT  59101
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Complaint & Jury Trial Demand – page* 6